**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mitchum SOBERANIS, Defendant–**
**Appellant.**

**No. 03–10591.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Oct. 29, 2004.

---

---

Karyn Kenny, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Kevin A. Tate, AFPD, Federal Public Defenders Office, Las Vegas, NV, for Defendant–Appellant.

Before: OAKES,\* KLEINFELD, and CALLAHAN, Circuit Judges.

## MEMORANDUM \*\*

Mitchum Soberanis appeals an order denying his motion to suppress evidence relating to an investigative vehicle stop that resulted in his arrest and conviction for armed bank robbery. Soberanis argued in his motion that reasonable suspicion to stop his vehicle did not exist when the police pulled him over and that an evidentiary hearing should be held to resolve disputed issues of fact pertaining to the stop. The district court, acting on the recommendation of a magistrate judge, denied Soberanis's motion without a hearing. Soberanis appeals both the denial of a hearing and the district court's conclusion

that reasonable suspicion justified the investigative stop.

We review the decision to deny an evidentiary hearing under an abuse of discretion standard. *United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000). We review de novo the legal question whether reasonable suspicion existed to justify the stop. *United States v. Mariscal,* 285 F.3d 1127, 1129 (9th Cir.2002).

█ Turning first to the issue of whether a hearing was necessary in this case, we find that Soberanis did not dispute the accuracy of the record before the district court nor provide any evidence contradicting the facts therein. His arguments instead focused on varying interpretations of the same set of facts relied upon by both parties. Because Soberanis did not raise a factual dispute in his motion, the district court did not abuse its discretion in denying him a hearing.

█ In evaluating whether reasonable suspicion existed to justify an investigative stop, we must consider the "totality of the circumstances," *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), in determining whether "specific, articulable facts which, together with objective and reasonable inferences, form[ed] the basis for suspecting that the [defendant was] engaged in criminal activity." *United states v. Dorais,* 241 F.3d 1124, 1130 (9th Cir.20001) (internal quotation omitted). Here, the district court found, and the undisputed facts establish, that the police stopped Soberanis's vehicle because it was in temporal and geographic proximity to the crime scene, generally matched the description of the

---

\* The Honorable James L. Oakes, Senior United States Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

getaway car, and was being driven by someone of the same race as the robbers described by eyewitnesses. These facts were sufficient to give rise to a reasonable suspicion that Soberanis's vehicle was involved in the robbery and thus to support an investigative stop. *See United States v. Bautista,* 684 F.2d 1286, 1289 (9th Cir.1982) (finding reasonable suspicion when defendants matched eyewitness's racial description and were traveling on a likely escape route only minutes after robbery occurred).

For the reasons given above, we AFFIRM.